UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHEN YU,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 2:26-cv-03441-MMD-EJY<br>ORDER |

## I. SUMMARY

Petitioner Chen Yu, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1-1 (“Petition”).)[1] For the reasons discussed below, the Court grants the Petition pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and orders Yu released.

## II. BACKGROUND

Yu is a citizen of China who arrived in the United States in 2023. (ECF No. 12 at 2.) He applied for asylum and withholding of removal, and he received employment authorization. (*Id.*) He was arrested for suspected fraud in March 2025 but had not yet been charged. (*Id.*) Nonetheless, he was detained by ICE the following day. (*Id.*) An immigration judge denied Yu’s requests for asylum and withholding of removal in December of that year. (*Id.*) And even though ICE requested his travel documents from China, Yu never received them and he was not removed. (*Id.*)

[1] Yu filed the Petition pro se. (ECF No. 1-1.) The Court appointed counsel to represent Yu. (ECF No. 3.) Petitioner did not file an amended petition. Respondents filed a response to the Petition (ECF No. 7), and Petitioner filed a counseled reply (ECF No. 12).

Yu remained in ICE detention until April 2026 when he was taken into the custody of Las Vegas Metropolitan Police and was charged with three theft offenses from March 2025. (*Id.* at 3.) He pled guilty and was given a suspended sentence and probation, and when his state court proceedings concluded in late June 2026, he was redetained by ICE. (*Id.*) ICE again applied for travel documents but did not receive them. (*Id.*)

Yu filed a previous § 2241 petition on July 27, 2026, and later filed a counseled first amended petition on August 14, 2026. (*Id.*) The Court subsequently denied his petition in that case (Case No. 2:26-cv-02303-JAD-EJY) on October 7, finding that the government had provided sufficient evidence that his removal was foreseeably likely. (*Id.*)

Since that last case was decided, travel documents for Yu have still not been obtained and he has remained in detention. (*Id.*)

## III. DISCUSSION

Yu argues that his continued detention violates his Fifth Amendment right to due process and 8 U.S.C. § 1231(a)(6) because his removal is not reasonably foreseeable and he is not subject to mandatory detention.[2] (ECF No. 12 at 6-8.)[3] Respondents counter that Yu is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) & (5) because he was allegedly issued a reinstatement of a prior final order of removal within the past 90 days. (ECF No. 7 at 3.) The Court agrees with Yu and grants the Petition on these grounds.

Individuals with final removal orders are subject to mandatory detention during a 90-day "removal period". *See* 8 U.S.C. §§ 1231(a)(1), (2)(A). This 90-day removal period

---

[2] Yu also challenges ICE's third country removal procedures, arguing that he has a right to meaningful notice and an opportunity to present a fear-based claim to an immigration judge. (ECF No. 12 at 8.)

[3] Yu raises these arguments in his reply brief, as his Petition was a pro se petition asserting membership in the *Jacobo-Ramirez* class (ECF No. 1-1.) The Court finds that Yu is not a class member because he has a final order of removal. As to the arguments raised in Yu's counseled reply brief, "[w]hile the Court generally does not consider arguments raised for the first time in a reply, the Court finds it is in the interests of justice to consider and adopt [Diaz's] argument," especially considering his lengthy detention. *See Aliber v. Bondi*, No. 2:26-CV-01055-MMD-MDC, 2026 WL 1431111, at *2 (D. Nev. May 21, 2026).

generally begins on the date a removal order becomes final. *See id.* at § 1231(a)(1)(B). While the Attorney General has discretion to detain noncitizens beyond the 90-day removal period, the Supreme Court held that due process imposes an "implicit limitation" on that discretion. *See id.* at § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690. In *Zadvydas*, the Supreme Court "held that [a non-citizen] may be detained only for 'a period reasonably necessary to bring about that [non-citizen's] removal from the United States.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689). The Court found it "practically necessary to recognize some presumptively reasonable period of detention" to effectuate removal and adopted six months "to guide lower court determinations." *Zadvydas*, 533 U.S. at 702. The Supreme Court rejected a rigid application of this six-month period, reasoning that a detainee is not guaranteed release after six months. *See id.* Correspondingly, the government is not guaranteed the right to hold a noncitizen for at least six months. See *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). The six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See Douglas v. Baker*, No. 25-CV-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman,* 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025); *Alkarori*, 2026 WL 266756, at *2.

First, Yu is no longer subject to mandatory detention. Even if the Court disregards Yu's prior detention, his most recent period of ICE detention began in late June 2026—almost six months ago. (ECF No. 12 at 3.) The 90-day mandatory removal period therefore ended in September. And the Court finds no merit to Respondents' argument that Yu is subject to some reinstatement of a final order of removal that places him within the 90-day window as Respondents have provided no document in support of this allegation. (ECF No. 7 at 1.)

Moreover, even assuming Yu's detention still falls within the *Zadvydas* six-month presumption, the Court finds that Yu has rebutted the presumptive reasonableness of his continuing detention. In his previous case, the Court found that Yu had failed to rebut the presumptive reasonableness of his continuing detention because Respondents had represented in their September 4, 2026, response (Case No. 2:26-cv-2303-JAD-EJY, ECF No. 12) that Yu's travel documents would be obtained "in short order." (Case No. 2:26-cv-2303-JAD-EJY, ECF No. 17 at 6.) But in the interim, those documents have yet to be obtained, and Respondents make no argument and provide no evidence that removal is likely in the near future. (*See* ECF No. 7.) The Court therefore concludes that Yu's continued detention is unlawful and grants the Petition.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that Yu's Petition (ECF No. 1) is granted. Respondents must immediately release Yu no later than 5:00 PM on Friday, November 13, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Yu.

It is further ordered that the parties must file a joint status report by Monday, November 16, 2026 confirming Respondents' compliance with this Order.

DATED THIS 12th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE